■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROSALE, Appellant. [642 NYS2d 516] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered March 15, 1994, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the second degree, and sentencing him, as a

second felony offender, to a term of 5 to 10 years, unanimously modified, as a matter of discretion in the interest of justice, to reduce the conviction to criminal possession of a controlled substance in the third degree, and otherwise affirmed. Appeal from the order of the same court and Justice, entered August 10, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate the sentence, unanimously dismissed as academic in view of the foregoing.

The People concede that the negotiated plea was intended to result in a prison sentence of 5 to 10 years; that while the court and counsel referred to the pled-to crime of attempted second-degree criminal possession of a controlled substance as a class B felony, in fact it is an A-II felony; and that reduction of the conviction to third-degree criminal possession of a controlled substance, a class B felony, as requested by defendant, would give effect to the parties' intent (see, People v Carter, 196 AD2d 633). We note that a sentence of 5 to 10 years for a second felony offender is not legal for an A-II felony but is legal for a B felony (Penal Law § 70.06 [3] [a], [b]; [4] [a], [b]), and that a defendant charged with an A-II felony is allowed to plead guilty to a B felony (CPL 220.10 [5] [a] [ii]). Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.